## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                             No. CR 09-3207 JB

KEVIN GARNER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Appeal of Detention Order by Defendant, Kevin Garner, filed October 29, 2009 (Doc. 19). The Court held a hearing on November 6, 2009. The primary issues are: (i) whether Defendant Kevin Garner is a flight risk; (ii) whether Garner poses a danger to the community; and (iii) whether there is a condition or a combination of conditions that eliminates any flight risk or danger to the community, or mitigates these concerns to acceptable levels. Because the United States has not shown, by clear-and-convincing evidence, that Garner is a danger to the community, and has not shown, by a preponderance of the evidence, that Garner is a flight risk, the Court will grant the appeal and vacate the Magistrate Judge's detention order.

## FACTUAL BACKGROUND

Garner is twenty years old and has community ties. He has lived in Albuquerque since the age of six, and during his entire life, he has lived with his paternal grandmother and paternal aunt. On or about October 15, 2009, officers with the Albuquerque Police Department arrested Garner and two others in the course of a buy-and-bust operation involving approximately two kilograms of

cocaine. At the time of his arrest, Garner was in possession of a handgun. He was charged the following day with federal narcotics and firearms offenses.

## PROCEDURAL BACKGROUND

On October 19, 2009, Garner -- along with his co-defendants -- appeared before the Honorable Don. J. Svet, United States Magistrate Judge, for a preliminary/detention hearing. For the purposes of the detention hearing, the Pretrial Services Report recommended Garner's release to the La Posada Halfway House, in Albuquerque, New Mexico, pending trial. His mother, Jennifer, and his aunt, Cynthia, were both present at the hearing. The United States, represented by Assistant United States Attorney Norman Cairns, did not oppose Garner's release to a Halfway House. Nevertheless, despite these recommendations and counsel's argument, Judge Svet found that, based on the presence of the firearm and the quantity of drugs involved, Garner posed a danger to the community and therefore ordered that he be detained pending trial. See Detention Order Pending Trial at 2, filed October 19, 2009 (Doc. 16).

Garner now appeals, pursuant to 18 U.S.C. § 3145(c), Judge Svet's order of detention and asks that the Court release him pending trial. At the hearing on this motion, Robert Gorance, attorney for Garner, represented to the Court that both he and counsel for the United States had agreed that, with certain conditions, the United States did not oppose releasing Garner to La Posada pending trial. See Transcript of Hearing at 2:23-3:5 (taken November 6, 2009)(Gorance).[1] John C. Anderson, Assistant United States Attorney, confirmed Mr. Gorance's statements that the United States did not oppose release pending trial. See id. 6:19-7:2 (Anderson). The Court is now presented with what is essentially an unopposed motion for release pending trial.

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

## LAW ON DETENTION AWAITING TRIAL

A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community.  See 18 U.S.C. § 3142(b).  The United States bears the burden of showing that the defendant is either a flight risk or a danger to the community.  Dangerousness must be established by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f)(2)(B)("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").  Risk of flight must be established by a preponderance of the evidence.  See United States v. Cisneros, 328 F.3d at 610, 612 (10th Cir. 2003).

## ANALYSIS

Initially, the Court notes that, on the record before it, the Court cannot find be a preponderance of the evidence that Garner is a flight risk.  The Court finds Garner's ties to the community and history as a New Mexico native and long-term resident particularly significant.  He has lived at the same address with his grandmother and aunt for the past fifteen years.  Furthermore, Judge Svet did not find that Garner was a flight risk; he determined to detain Garner solely on the basis that Garner was a danger to the community:

> I find that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence . . . that based on the quantity of drugs and the presence of a gun during a drug deal, [that] defendant is a danger to the community.  The Court remands def[endant] to the custody of the U.S. Marshall pending final disposition.

Detention Order Pending Trial at 2.  Also, there has been no evidence that Garner has ties to foreign countries, nor that he frequently engages in foreign travel.  The Court will therefore not detain

Garner pending trial on the ground that he is a flight risk.

The Court now need only consider whether clear-and-convincing evidence supports a finding that Garner is a danger to the community and that no conditions of release can properly mitigate that danger. The Court cannot so find. While the Court finds that Garner would pose some risk to the community if released, the Court also finds that being placed in the La Posada Halfway House, with additional conditions that the United States Probation Office has recommended, will mitigate that danger. The Court therefore does not find, by clear-and-convincing evidence, that Garner poses a danger to the community which conditions of release cannot reasonably mitigate. And, because the Court has found neither of the criteria that would otherwise warrant detention pending trial, the Court will order that Garner be released, subject to the conditions described above and described in more detail in the Order Setting Conditions of Release, filed November 6, 2009 (Doc. 32).

**IT IS ORDERED** that the Appeal of Detention Order by Defendant, Kevin Garner, is granted. The Magistrate Judge's detention order is vacated. The Defendant is released on condition to the La Posada Halfway House.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
　United States Attorney
Norman Cairns
John C. Anderson
　Assistant United States Attorneys
Albuquerque, New Mexico

　　　*Attorneys for the Plaintiff*

Michael V. Davis
Michael V. Davis, Attorney & Counselor at Law, P.C.
Corrales, New Mexico

-- and --

Robert J. Gorance
Gorance & Oliveros PC
Albuquerque, New Mexico

      *Attorneys for the Defendant*