IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                No. CR 09-3207 JB

ANTHONY MIRABAL, DAVID AGUILAR,
and KEVIN GARNER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the United States' Motion in Limine to Exclude Evidence Relating to the Post-Arrest Search of Defendant David Aguilar's Residence, filed May 28, 2010 (Doc. 79). The Court held a hearing on July 29, 2010. The primary issue is whether the Court should exclude testimony regarding a search of Defendant David Aguilar's home, which occurred after a sting in which all three Defendants were arrested, because it is irrelevant or barred by rule 404(b) of the Federal Rules of Evidence. Because the Court finds that the search of Aguilar's home is probative evidence, and is not evidence of prior conduct, the Court will not exclude evidence of the search pre-trial.

      Defendants Anthony Mirabal, Kevin Garner, and Aguilar are charged with possession with intent to distribute more than 500 grams of cocaine, conspiracy, and possessing a firearm during commission of a drug-trafficking offense. After the Defendants were arrested pursuant to a sting operation in which officers observed Mirabal attempt to sell cocaine to a confidential informant, the officers asked Aguilar if they could search his home. Aguilar agreed. Once the officers were at Aguilar's home, his girlfriend likewise consented to the officers' search. The search yielded no

evidence of drug use or drug trafficking.

The United States predicts that Aguilar may try to introduce evidence of this search -- and that officers found no evidence of drugs or drug trafficking -- in defense of the criminal charges against him. The United States asks the Court to order, in limine, that such evidence would be inadmissible. As a basis, the United States asserts that such evidence is irrelevant, and therefore inadmissible under rule 402. It also argues that the evidence is inadmissible under rule 404(b), because it is evidence of other acts, being used to show character and action in conformity therewith. Aguilar disagrees with both arguments, and contends that the evidence will be relevant and probative on the issue whether Aguilar was likely engaged in the drug trade or involved with the drug conspiracy of which the United States accuses him.

The Court agrees with Aguilar. First, the threshold for relevance is extremely low. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Aguilar is attempting to prove that he did not participate in a drug-trafficking conspiracy, and that he did not have possession of 500 or more grams of cocaine. That he acquiesced to a search of his home, and that there were no drugs or drug paraphernalia found in his home, makes it somewhat less likely that he committed the crimes with which he is charged. One might expect -- and, indeed, the police thought it possible -- that a person who traffics drugs will have evidence thereof in his or her home. Aguilar did not. The absence of drug evidence in the home is not conclusive, as the United States points out, because a person might keep his drug business entirely separate from his home life. The Court cannot say, however, that the evidence has no tendency to make Aguilar's innocence more probable than it would be without the evidence.

Second, the Court disagrees that evidence of a police search which did not find evidence

implicates rule 404(b). Rule 404(b) prohibits admission of "[e]vidence of other crimes, wrongs, or acts" when such evidence is used "to prove the character of a person in order to show action in conformity therewith." To begin with, a police search, and the fact that there was no evidence in Aguilar's home at the time of the alleged crime, is not a crime, wrong, or act of Aguilar. See, e.g., United States v. Mitchell, 172 Fed. Appx. 1104, 1107 (9th Cir. 1999)("The rule speaks only to '[e]vidence of other crimes, wrongs, or acts.' Being poor is not a crime, wrong, or act. Rule 404(b) therefore has no application."); United States v. Soape, 163 F.3d 1354 (Table), 1998 WL 857484, at *1 (5th Cir. Nov. 10, 1998)("Knowledge is not a 'crime, wrong or act,' as provided for in Rule 404(B). Soape's knowledge of her husband's activity is therefore not subject to 404(B) analysis."). It may, in a circuitous way, tend to show that Aguilar did not engage in the act of drug trafficking in his home -- indeed, that is why Aguilar wants to present it as evidence -- but it is not, itself, evidence of a crime, wrong, or act by Aguilar.

On this basis, the United States' authority is inapposite; both of the cases the United States cites discuss prior actions or inactions. In United States v. Ellisor, 522 F.3d 1255 (11th Cir. 2008), the district court precluded the defendant from introducing extrinsic evidence of prior legitimate business activities to negate the evidence of his fraudulent intent. See id. at 1270. Because the evidence was evidence of good conduct, the United States Court of Appeals for the Eleventh Circuit found it inadmissible under rule 404(b). See 522 F.3d at 1270-71. Similarly, in United States v. Hill, 40 F.3d 164 (7th Cir. 1994), a defendant charged with stealing and cashing United States treasury checks sought to introduce evidence, to negate evidence or an inference of her intent to steal, that, on prior occasions, she did not steal certain items. See id. at 165, 168. The district court excluded the evidence, because it was irrelevant and because it was inadmissible rule 404(b) prior-acts evidence, and the United States Court of Appeals for the Seventh Circuit affirmed. United

States v. Hill, 40 F.3d at 168-70.[1]  Both United States v. Ellisor and United States v. Hill involve conduct (or a lack thereof) on the part of the defendant, whereas the evidence the United States seeks to exclude in this case is the state of Aguilar's home at the approximate time of the crime with which he is charged.

Moreover, unlike the kind of evidence that rule 404(b) generally prohibits, the evidence the United States seeks to exclude does not implicate Aguilar's character.  See Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.")(emphasis added).  The evidence does not ask the jury to infer that, because Aguilar did not commit a crime at some other time, he is not likely to commit these crimes, and therefore he did not commit the crime with which he is charged.  Evidence necessitating that chain of inference would be propensity evidence that rule 404(b) prohibits.  See United States v. Commanche, 577 F.3d 1261, 1268 (10th Cir. 2009)("All that the evidence of the prior conviction of assault could possibly show was the defendant's propensity to commit assaults on other prisoners or his general propensity to commit violent crimes [which] is exactly the kind of propensity inference that Rule 404(b)'s built-in limitation was designed to prevent."); McCue v. State of Kan., Dep't of Human Res., 165 F.3d 784, 790 (10th Cir. 1999)("This inference is precisely the sort proscribed by Rule 404(b); inferring character from an act, and then a different act from that character, is impermissible.").  Rather, this evidence asks the jury to infer that, because Aguilar has no evidence of drug trafficking in his home, he did not engage in the act of drug trafficking or

---

[1] The Seventh Circuit concluded its opinion by finding that, "even if the exclusion of the . . . evidence by the district court was erroneous, this error was harmless in light of the overwhelming evidence of Hill's guilt."  United States v. Hill, 40 F.3d at 169.  It is not clear whether that last finding was intended to hedge on its evidentiary findings or merely to protect its opinion from potential Supreme Court review.

conspire to do so.

  While the jury may infer something about Aguilar's or another Defendant's character from the lack of drugs at Aguilar's home, that admissible evidence offered for a non-propensity purpose may also have a propensity effect does not provide a sufficient basis to exclude such evidence. See, e.g., Tanberg v. Sholtis, 401 F.3d 1151, 1167-68 (10th Cir. 2005)("If offered for a purpose other than to demonstrate propensity, evidence of acts unrelated to the one at issue may be admissible under Rule 404(b)[.]"); United States v. Verduzco, 373 F.3d 1022, 1026-27 (9th Cir. 2004)(holding that rule 404(b) allows evidence of other crimes for any relevant purpose, except where it "tends to prove only criminal disposition"); United States v. DeCicco, 370 F.3d 206, 210  (1st Cir. 2004) (holding that evidence is "never admissible solely to show a character inclined towards unlawful behavior," but that it is admissible if used to show any of the facts listed in rule 404(b)). Almost all evidence has some tendency to show propensity; the question is whether that is the evidence's sole purpose. See United States v. Harenberg, 732 F.2d 1507, 1515 (10th Cir. 1984)("We have noted that Rule 404(b) is not strictly exclusionary, but would allow the admission of "crimes, wrongs, or acts" *unless* the *only* purpose for their admission is to prove the criminal disposition of the defendant.")(emphasis in original). Moreover, if the United States is concerned about the propensity effect, it can submit a limiting instruction telling the jury for what purposes it may consider the evidence and for what purposes it may not consider the evidence. See United States v. Cardinas Garcia, 596 F.3d 788, 797 (10th Cir. 2010)(holding that, where evidence falls under the purview of rule 404(b), a limiting instruction must be given if requested)(citing United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006)).  Finally, the search happened more-or-less contemporaneously with the alleged crimes with which Aguilar is charged, and the Court believes the jury should have a complete picture of the facts as they existed at the time of the crime and Aguilar's arrest. See

United States v. Fred, No. CR 05-801 JB, 2006 WL 4079618, at *3 (D.N.M. Dec. 1, 2006) (Browning, J.)(noting that "[t]he Tenth Circuit has approved using *res gestae* evidence 'when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae.'")(quoting United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995)).

      The United States is free to argue that Aguilar was likely smart enough to avoid keeping evidence of his illicit activities in his home, and that the fact that he was caught red-handed is sufficient for the jury to find beyond a reasonable doubt that he is guilty.  The Court does not, however, believe that Aguilar should be prohibited from introducing this potentially exculpatory evidence that the criminal investigators uncovered.  The Court therefore denies the United States' motion in limine.

      **IT IS ORDERED** that the United States' Motion in Limine to Exclude Evidence Relating to the Post-Arrest Search of Defendant David Aguilar's Residence is denied.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
John C. Anderson
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Leon Encinias
Albuquerque, New Mexico

    *Attorney for Defendant Anthony Mirabal*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorney for Defendant David Aguilar*

Robert J. Gorence
Gorence & Oliveros, PC
Albuquerque, New Mexico

    *Attorneys for Defendant Kevin Garner*