IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                              No. CR 09-3207 JB

ANTHONY MIRABAL, DAVID AGUILAR,
and KEVIN GARNER,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant David Aguilar's Motion in Limine to Exclude Introduction of Other Alleged Bad Act Evidence, filed August 2, 2010 (Doc. 117). The Court held a hearing on August 4, 2010. The primary issue is whether the Court should order, pretrial, that any evidence or testimony regarding a stolen motorcycle found in Defendant David Aguilar's garage is inadmissible in his trial for possession with intent to distribute cocaine, conspiracy, and possession of a firearm. Because the Court can find no relevance to the challenged evidence other than to show that Aguilar has a propensity for committing crimes, the Court will grant Aguilar's motion and exclude the evidence.

      Defendants Anthony Mirabal, Kevin Garner, and Aguilar are charged with possession with intent to distribute more than 500 grams of cocaine, conspiracy, and possessing a firearm during commission of a drug-trafficking offense. After the Defendants were arrested pursuant to a sting operation in which officers observed Mirabal attempt to sell cocaine to a confidential informant, the officers asked Aguilar if they could search his home. Aguilar agreed. Once the officers were at Aguilar's home, his girlfriend likewise consented to the officers' search. The search yielded no

evidence of drug use or drug trafficking, but officers found a stolen motorcycle in Aguilar's garage.

On May 28, 2010, the United States asked the Court to exclude any evidence of the search of Aguilar's home on the grounds that it was irrelevant or, in the alternative, inadmissible under rule 404(b) of the Federal Rules of Evidence. See the United States' Motion in Limine to Exclude Evidence Relating to the Post-Arrest Search of Defendant David Aguilar's Residence, filed May 28, 2010 (Doc. 79). The Court denied that motion by a Memorandum Opinion and Order filed July 31, 2010 (Doc. 116), because it found that the evidence had some tendency to prove that Aguilar is not guilty and that rule 404(b) was inapplicable. Now that Aguilar has preserved the admissibility of the search and that officers found no evidence of drugs or drug trafficking, he asks the Court to exclude the only aspect of the search that is harmful to him: that officers found stolen property in his garage. He argues variously that the evidence would be inadmissible under: (i) rule 402 because it is irrelevant; (ii) under rules 608, 609, and 403, because it is evidence of uncharged criminal conduct and would be unduly prejudicial; and (iii) rule 404(b) because its only relevance is that it tends to show Aguilar has a general bad character. See Motion ¶¶ 4-5, at 2. Based in large part on the Court's July 31, 2010 ruling, the United States argues that it would be unfair to admit into evidence those aspects of the search that exculpate Aguilar, but exclude those aspects that would tend to inculpate him. The Court will grant Aguilar's motion and exclude any evidence of the stolen motorcycle found in Aguilar's garage.

The Court appreciates the apparent inconsistency if the Court were to allow evidence of some parts of the search but exclude others, but the Federal Rules of Evidence counsel this result. Aguilar is charged with possessing cocaine, conspiring, and possessing a firearm. The facts necessary to prove or disprove those charges are "of consequence to the determination of the action." Fed. R. Evid. 401. When a piece of evidence makes a "fact that is of consequence to the

determination of the action more probable or less probable," that evidence is relevant. Id. In the Court's July 31, 2010 Memorandum Opinion and Order, the Court found that the absence of evidence of drugs or drug trafficking in Aguilar's home made it less probable that he committed the crime of possessing cocaine or conspiring to do so. The Court reached that result because one might expect a person who traffics in drugs to have some evidence thereof in his or her home. Because Aguilar did not, it is some amount less probable that he committed the crimes in this case.

Evidence that there was a stolen motorcycle in Aguilar's garage, on the other hand, has little or no impact on the likelihood that he committed a drug-trafficking crime or possessed a gun. The only logical chain which might get one from the stolen motorcycle to any of the crimes with which Aguilar is charged is this: (i) Aguilar had a stolen motorcycle in his garage; (ii) Aguilar must have stolen the motorcycle; (iii) Aguilar must, therefore, be a person who commits crimes; (iv) because Aguilar is a person who commits crimes, it is likely that he committed the crimes with which he is charged, or other crimes for which he should be punished. The United States Court of Appeals for the Tenth Circuit has stated that this sort of chain of inferences renders evidence inadmissible under rule 404(b), as it tends to show only that a defendant has a propensity for criminal conduct. See United States v. Parker, 553 F.3d 1309, 1314 (10th Cir. 2009)(stating that evidence is inadmissible under rule 404(b) if it is not offered for a proper, non-propensity purpose, unless it is "intrinsic" to the crime charged); United States v. Tan, 254 F.3d 1204, 1208 (10th Cir. 2001)("[I]f the other act evidence is relevant and tends to prove a material fact <u>other than the defendant's criminal disposition</u>, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403.")(emphasis added).

Because the Court can find, and the United States has offered, no relevant use for the challenged evidence other than demonstrating that Aguilar has a criminal disposition, the Court will

grant Aguilar's motion and exclude all evidence of the stolen motorcycle in Aguilar's garage. On the other hand, the Court has already indicated that some aspects of the search of Aguilar's home -- specifically, the absence of evidence of drugs or drug trafficking -- will be admissible. The United States contends that the picture of the search that the jury will get will be misleading. To some extent, the evidence will now paint an incomplete picture of the facts of the case. While the Court acknowledges that this is what the Rules of Evidence counsel, in the interest of fairness, the Court cautions Aguilar not to dwell too long on the details of the search. The relevance of the search is that officers found no evidence of drugs or drug trafficking -- establishing that fact should be a relatively quick process. Aguilar will be allowed to establish that fact. On the other hand, Aguilar does not need to go through the search room by room. If the United States feels that Aguilar is dwelling unnecessarily on, and thus overemphasizing, the search, they may object, and the Court will likely sustain that objection because the testimony will have become cumulative.

**IT IS ORDERED** that Defendant David Aguilar's Motion in Limine to Exclude Introduction of Other Alleged Bad Act Evidence is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
John C. Anderson
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Leon Encinias
Albuquerque, New Mexico

    *Attorney for Defendant Anthony Mirabal*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorney for Defendant David Aguilar*

Robert J. Gorence
Gorence & Oliveros, PC
Albuquerque, New Mexico

    *Attorneys for Defendant Kevin Garner*