IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                        No. CR 09-3207 JB

ANTHONY MIRABAL, DAVID AGUILAR,
and KEVIN GARNER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the United States' Proposed Revisions to Court's First Proposed Preliminary Jury Instruction, filed August 5, 2010 (Doc. 136)("Proposed Revisions"); (ii) the Defendant's Objection to Government's Proposed Jury Instruction Number 8, filed August 6, 2010 (Doc. 145); and (iii) the Defendant's Amended Objection to Government's Proposed Jury Instruction Number 9, filed August 7, 2010 (Doc. 147)("Objection").[1] The primary issues are: (i) whether the Court should adopt the two changes to the Court's First Proposed Preliminary Jury Instructions, filed August 5, 2010 (Doc. 132), that Plaintiff United States of America proposes to more closely track the order and wording of the Indictment, filed November 4, 2009 (Doc. 30); and (ii) whether the Court should add a paragraph to the Preliminary Instructions describing co-conspirator liability. The Court adopts in part and rejects in part the proposed changes to the Preliminary Jury Instruction, adopting the two that more closely track the language of the Indictment, but rejecting the change that seeks to add a new paragraph to the Preliminary Jury

---

[1] According to the Amended Objection (Doc. 147), the amendment is to correctly specify Instruction Number 9, rather than Instruction Number 8, as the Instruction to which Defendant David Aguilar objects. The substance of the two documents is otherwise the same. The Court will thus deny the objection raised in Doc. 145 and address only Aguilar's objection raised in Doc. 147.

Instructions. The Court sustains Defendant David Aguilar's Objection insofar as it asks the Court not to adopt the United States' third proposed revision to the Preliminary Jury Instructions.

The United States' first request asks the Court to change the order in which it summarizes the charges against Aguilar to be consistent with the order that those charges appear in the Indictment. The United States also asks the Court to modify page 1 of the Preliminary Instructions to clarify that Aguilar is charged with possession with intent to distribute "a mixture and substance containing a detectable amount of cocaine," and not possession with intent to distribute "cocaine." Aguilar does not oppose these changes. Because these changes will make the instructions more accurate and more consistent with the Grand Jury's Indictment, the Court will grant the United States' first request. The Court will incorporate the United States' first requested changes into the Court's Second Proposed Preliminary Jury Instructions.

The United States' second request asks the Court to change the description of the second charge against Aguilar on page 4 of the Court's First Proposed Preliminary Jury Instructions. First, the United States asks the Court to change the description of the crime from "Possession with Intent to Distribute 500 Grams and More of Cocaine," to "Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine." It then asks the Court to modify the fourth element of that count to inform the jury that it must find that the weight of the "substance" was at least 500 grams, rather than that the weight of the "cocaine" was at least 500 grams. Aguilar does not oppose these changes. Again, because these changes bring the Preliminary Instructions more in line with the counts charged in the Indictment, the Court will grant this request and make the desired changes to the Court's Second Proposed Preliminary Jury Instructions.

The United States' third requested change is more substantial. With respect to Count 3,

charging Aguilar with Carrying a Firearm During and In Relation to a Drug Trafficking Crime, the United States asks the Court to add the following text after the Court's recitation of the elements of that crime:

> However, if you find Mr. Aguilar guilty of the conspiracy charged in Count 1 and you find beyond a reasonable doubt that during the time Mr. Aguilar was a member of that conspiracy another conspirator committed this offense, and this offense was committed to achieve an objective of or was a foreseeable consequence of that conspiracy, then you should find Mr. Aguilar guilty of this offense, even though Mr. Aguilar may not have participated in any of the acts which constitute this offense.

Proposed Revisions at 4-5. The United States justifies this proposed change by asserting that it is proceeding against Aguilar on a theory of co-conspirator liability as to Count III. Aguilar objects to this instruction, arguing that allowing the United States to proceed on a theory of co-conspirator liability would improperly allow the United States to proceed on a charge that is not in the Indictment, violating the Due Process and Grand Jury clauses of the Fifth Amendment to the Constitution of the United States. See Objections ¶¶ 3-7, at 2-3. Aguilar also argues that allowing the United States to do so would constitute a constructive amendment to the Indictment. See id. ¶ 8, at 3.

The Court concludes that it need not fully resolve the legal issue that Aguilar presents in this opinion. The Court's practice in drafting the Preliminary Jury Instructions is to set forth for the jury the essential elements of the charges against a defendant, so as to frame the evidence that the parties show the jury. It is a roadmap at the beginning of the case for the jury; the Court tries to avoid the details -- even significant details -- that might be important later. The Court wants the jury to listen to the facts at the beginning and not get to concerned about the law while they are listening. The Court leaves for the Final Jury Instructions the task of explaining the details and minutia of the law that the jury must apply. In this case, the Court believes that an instruction on co-conspirator

liability would not significantly assist the jury in following and understanding the factual evidence, and would unnecessarily burden the Preliminary Jury Instructions with unnecessary detail. Regardless whether the instruction is legally appropriate, the Court will not include it in the Preliminary Jury Instructions.

The Court notes, however, that, contrary to Aguilar's objections, the United States is entitled to an instruction on co-conspirator liability in the Final Jury Instructions. In Pinkerton v. United States, 328 U.S. 640 (1946), the Supreme Court of the United States set forth the doctrine of vicarious criminal liability. The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy. See United States v. Cherry, 217 F.3d 811, 817 (10th Cir. 2000)("The Pinkerton Court held that evidence of direct participation in a substantive offense is not necessary for criminal liability under the principles holding conspirators liable for the substantive crimes of the conspiracy."); United States v. Russell, 963 F.2d 1320, 1322 (10th Cir. 1992). From this doctrine, courts have concluded that an indictment need not set forth vicarious liability and that it is not error for a district court to instruct the jury on vicarious liability if the indictment does not mention that theory.

Many United States Courts of Appeals have found that co-conspirator-liability and aiding-and-abetting instructions are appropriate, even when those theories are not charged in the Indictment. See United States v. Ashley, 606 F.3d 135, 143-44 (4th Cir. 2010)("Because we hold that an indictment need not set forth vicarious coconspirator liability, it was not error for the district court to instruct the jury on this theory."); United States v. Creech, 408 F.3d 264, 273 (5th Cir. 2005)(noting that "courts have continued to approve Pinkerton and aiding and abetting instructions even without such a theory charged in the indictment."); United States v. Hayes, 391 F.3d 958, 963

(8th Cir. 2004)("[T]he District Court was warranted in giving this [Pinkerton] instruction, even though co-conspirator liability was not charged in the indictment."); United States v. Lopez, 271 F.3d 472, 480 (3d Cir. 2001)("[W]e have little difficulty following our sister circuit courts of appeals in determining that a conspiracy need not be charged in order for Pinkerton's doctrine to apply."); United States v. Sanchez, 917 F.2d 607, 612 (1st Cir. 1990)("We have held that the district court may give a Pinkerton charge even though the indictment does not plead vicarious liability."); United States v. Roselli, 432 F.2d 879, 895 (9th Cir. 1970)("A conspirator, however, may be convicted on the Pinkerton theory without a specific allegation that a coconspirator committed the offense in furtherance of the conspiracy."). There are sound reasons for this conclusion. It is well settled that vicarious liability predicated on having added and abetted the crimes of another need not be charged in the Indictment. See United States v. Lewis, 594 F.3d 1270, 1286 (10th Cir. 2010)("This circuit's law is settled that the trial court can give an aiding-and-abetting instruction, and the jury can convict on that theory, even if the indictment does not allege aiding and abetting."); United States v. Anderson, 189 F.3d 1201, 1207 (10th Cir. 1999); Tenth Circuit Pattern Jury Instructions (Criminal) § 2.06, at 83 (Feb. 2006)(**AID AND ABET 18 U.S.C. § 2(a)**); 18 U.S.C. § 2(a)("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). As the Honorable J. Harvie Wilkinson, United States Circuit Judge, stated for the United States Court of Appeals for the Fourth Circuit in United States v. Ashley on June 1, 2010:

> The reason for this rule is that aiding and abetting simply describes the way in which a defendant's conduct resulted in the violation of a particular law. The federal criminal statute dealing with the subject speaks simply of agency and causation principles, providing that a person is punishable "as a principal" if he "aids, abets, counsels, commands, induces or procures" the commission of a federal offense or "willfully causes" another to do an act that would be criminal if he performed it himself. 18 U.S.C. § 2. Because the aiding and abetting provision does not set forth

an essential element of the offense with which the defendant is charged or itself create a separate offense, aiding and abetting liability need not be charged in an indictment. See United States v. Thirion, 813 F.2d 146, 151 (8th Cir. 1987).

These same principles hold true in the case of vicarious coconspirator liability. The Pinkerton doctrine is distinct from the substantive offense of conspiracy, which makes the very act of conspiring criminal. See 18 U.S.C. § 371. Instead, the Pinkerton doctrine is a means of apportioning criminal responsibility for the commission of substantive offenses. Pinkerton, 328 U.S. at 643-47 . . . . It provides that a person can commit an offense not only by engaging in the forbidden conduct himself but also by participating in a conspiracy that leads a confederate to engage in that conduct. As the Pinkerton Court explained, "so long as the partnership in crime continues, the partners act for each other in carrying it forward." Id. at 646 . . . . By joining the conspiracy, "[e]ach conspirator instigated the commission of the crime." Id. at 647 . . . . In other words, Pinkerton liability, like aiding and abetting liability, rests on notions of agency and causation. As the Court recognized, "[t]he rule which holds responsible one who counsels, procures, or commands another to commit a crime is founded on the same principle." Id. at 647 . . . .

Since the same reasons that make it unnecessary to charge aiding and abetting liability in an indictment underlie vicarious co-conspirator liability, we hold that a district court does not constructively amend an indictment by giving a Pinkerton instruction when Pinkerton liability has not been charged by the grand jury. This has been the unanimous view of the circuit courts which have addressed this issue. See United States v. Zackery, 494 F.3d 644, 647-49 (8th Cir. 2007); United States v. Budd, 496 F.3d 517, 527-28 (6th Cir. 2007); United States v. Creech, 408 F.3d 264, 273 (5th Cir. 2005); United States v. Lopez, 271 F.3d 472, 480 (3d Cir. 2001); United States v. Macey, 8 F.3d 462, 468 (7th Cir. 1993); United States v. Sanchez, 917 F.2d 607, 612 (1st Cir. 1990); United States v. Jackson, 627 F.2d 1198, 1216-17 (D.C. Cir. 1980); United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975); United States v. Roselli, 432 F.2d 879, 895 (9th Cir. 1970). Accordingly, the district court's instruction did not constructively amend Ashley's indictment.

Nor was this instruction in any way prejudicial. Ashley argues that, since conspiracy liability was explicitly set forth in the other counts of his indictment, the government was obliged to charge it in Count Three. This is backwards at best. The very fact that Counts One and Two charged Ashley with conspiracy offenses should have made it the more obvious that co-conspirator liability was a possibility, especially when the conspiracy charges served as the predicate offenses in Count Three and were incorporated by reference. Certainly there could be no danger of unfair surprise. Malloy, 568 F.3d at 179.

606 F.3d at 143-44.

    Judge Wilkinson's reasoning is persuasive. Although the Court has not found authority from

the United States Court of Appeals for the Tenth Circuit on this issue, the weight of authority from other Circuits and their logic convince the Court that the United States is entitled to the instruction they seek in the Final Instructions, so long as they provide sufficient evidence from which a jury could find beyond a reasonable doubt that Aguilar participated in the alleged conspiracy. Unless Aguilar can explain how his case is somehow different from those that the Court has cited, the Court will allow the United States to proceed to the jury on a co-conspirator liability theory with respect to Count 3.

**IT IS ORDERED** that: (i) the United States' Proposed Revisions to Court's First Proposed Preliminary Jury Instruction are adopted in part and rejected in part, as set forth in this Order; (ii) the Defendant's Objection to Government's Proposed Jury Instruction Number 8 is overruled as moot; and (iii) the Defendant's Amended Objection to Government's Proposed Jury Instruction Number 9 is sustained insofar as it asks the Court to reject the United States' third proposed revision to the Preliminary Jury Instructions, but is otherwise overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
John C. Anderson
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Case 1:09-cr-03207-JB   Document 148   Filed 08/07/10   Page 8 of 8

Leon Encinias
Albuquerque, New Mexico

    *Attorney for Defendant Anthony Mirabal*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorney for Defendant David Aguilar*

Robert J. Gorence
Gorence & Oliveros, PC
Albuquerque, New Mexico

    *Attorneys for Defendant Kevin Garner*