IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                               No. CR 09-3207 JB

KEVIN GARNER,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed December 2, 2010 (Doc. 187). The Court held a hearing on December 3, 2010. The primary issue is whether the Court should grant Defendant Kevin Garner a downward variance to a sentence of 72 months. Because the Court believes a 72 month sentence does not adequately reflect the seriousness of the charges against Garner, the Court sentences Garner to 78 months in the custody of the Bureau of Prisons.

On August 5, 2010, Garner pled guilty to an Information charging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for possession with intent to distribute cocaine in Count 1, and 18 U.S.C. § 924(c) carrying a firearm during and in relation to a drug trafficking crime in Count 2. See Doc. 131. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Garner on September 23, 2010. In the PSR, the USPO calculated Garner's offense level to be 20 and his criminal history category to be I, establishing a guideline imprisonment range of 33 to 41 months for Count 1. Count 2 carries a mandatory term of 60 months imprisonment, which must run consecutive to the term imposed on Count 1. See 18 U.S.C. § 924(c). There being no

objection to the factual findings and sentencing calculations in the PSR, the Court adopts them as its own.

Garner moves the Court for a 12 month sentence for Count I, for a total of 72 months incarceration. He notes that he was a minor participant in the case. Plaintiff United States of America requests a sentence within the guideline range, noting that Garner acted as an armed lookout for a drug transaction involving almost two kilograms of cocaine. See United States' Response to Defendant Kevin Garner's Sentencing Memorandum at 1, filed December 2, 2010 (Doc. 188).

The Court has considered carefully the parties' arguments and the circumstances of this case. The Court has sat through a trial and has sentenced Garner's co-Defendant, Anthony Mirabal, so it has a great deal of knowledge about this case. The charges contained in the Information stem from an October 2009 incident in which Garner acted as an armed lookout for a drug transaction involving approximately 1900 grams of cocaine. The Court has considered the amount of drugs and Garner's minimal role -- serving as a look out. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Garner's offense. The guideline sentence of 93 months is too high, and too close to Mirabal's sentence of 106 month, and Mirabal was significantly more culpable than Garner. On the other hand, Garner's requested sentence of 12 months for Count 1 is too low to reflect the seriousness of his offense. It would undermine Congress' desire that the sentence for carrying a firearm during and in relation to a drug trafficking crime should run consecutively to the drug crime sentence if the Court just reduces drastically the sentence for the

drug count.  The Court believes it is appropriate to treat Count 1 like an offense level 15, which, with a criminal history category of I gives a sentencing range of 18 to 24 months.  The Court finds that a sentence at the low end of that range -- of 18 months -- for Count 1, for a total of 78 months, adequately reflects the seriousness of the offense -- including Garner's role and the amount of drugs involved -- promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable.  Finally, the Court believes Garner's criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.  Garner shall also be placed on supervised release for a term of three years as to each count, and his terms of supervised release shall run concurrently.

    **IT IS ORDERED** that the Defendant's Sentencing Memorandum, filed December 2, 2010 (Doc. 187) is granted in part and denied in part, and the Court sentences Garner to 78 months in incarceration.

                                                                                                                        _____
                                                                                                                       UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Norman Cairns
John C. Anderson
   Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Michael V. Davis
Michael V. Davis, Attorney & Counselor at Law, P.C.
Corrales, New Mexico

-- and --

Robert J. Gorance
Gorance & Oliveros, P.C.
Albuquerque, New Mexico

     *Attorneys for the Defendant*