AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Kevin Garner** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03207-003JB** |
| | USM Number: **48781-051** |
| | Defense Attorney: **Robert Gorence, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 10/15/2009 | 1 |
| 18 U.S.C. Sec. 924(c)(1)(A) | Carrying a Firearm During and in Relation to a Drug Trafficking Crime | 10/15/2009 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 3, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**May 18, 2011**
Date Signed

Defendant: **Kevin Garner**
Case Number: **1:09CR03207-003JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **78 months**.

**A term of 18 months is imposed as to Count 1 and a term of 60 months is imposed as to Count 2; said terms shall run consecutively for a total term of 78 months.**

The Court incorporates its Memorandum Opinion and Order, filed May 4, 2011 (Doc. 197). The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Defendant Kevin Garner on September 23, 2010. In the PSR, the USPO calculated Garner`s offense level to be 20 and his criminal history category to be I, establishing a guideline imprisonment range of 33 to 41 months for Count 1. Count 2 carries a mandatory term of 60 months imprisonment, which must run consecutive to the term imposed on Count 1. See 18 U.S.C. § 924(c). There being no objection to the factual findings and sentencing calculations in the PSR, the Court adopts them as its own.

Garner moves the Court for a 12 month sentence for Count 1, for a total of 72 months incarceration. He notes that he was a minor participant in the case. Plaintiff United States of America requests a sentence within the guideline range, noting that Garner acted as an armed lookout for a drug transaction involving almost two kilograms of cocaine. See United States` Response to Defendant Kevin Garner`s Sentencing Memorandum at 1, filed December 2, 2010 (Doc. 188).

The Court has considered carefully the parties` arguments and the circumstances of this case. The Court has sat through a trial and has sentenced Garner`s co-Defendant, Anthony Mirabal, so it has a great deal of knowledge about this case. The charges contained in the Information stem from an October 2009 incident in which Garner acted as an armed lookout for a drug transaction involving approximately 1900 grams of cocaine. The Court has considered the amount of drugs and Garner`s minimal role -- serving as a look out. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Garner`s offense. The guideline sentence of 93 months is too high, and too close to Mirabal`s sentence of 106 months, and Mirabal was significantly more culpable than Garner. On the other hand, Garner`s requested sentence of 12 months for Count 1 is too low to reflect the seriousness of his offense. It would undermine Congress` desire that the sentence for carrying a firearm during and in relation to a drug trafficking crime should run consecutively to the drug crime sentence if the Court just reduces drastically the sentence for the drug count. The Court believes it is appropriate to treat Count 1 like an offense level 15, which, with a criminal history category of I gives a sentencing range of 18 to 24 months. The Court finds that a sentence at the low end of that range -- of 18 months -- for Count 1, for a total of 78 months, adequately reflects the seriousness of the offense -- including Garner`s role and the amount of drugs involved -- promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Garner`s criminal history is adequately reflected in this sentence and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

☒     The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends FCI Sheridan, OR, and secondarily recommends Florence Federal Correctional Institution, Florence, Colorado, if eligible.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
       ☐     at   on
       ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Kevin Garner**
Case Number: **1:09CR03207-003JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts 1 and 2; said terms to run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Kevin Garner**
Case Number: **1:09CR03207-003JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal controlled substances and any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant shall have no contact with the co-defendants in this case.**

Defendant: **Kevin Garner**
Case Number: **1:09CR03207-003JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.